UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

BARTANG BANK AND TRUST CO., AVENIL LTD.   :
AND TIMBRE INVESTMENT HOLDINGS LTD.,      :

                                          :   04 CV 2402 (DAB)

                        Plaintiffs,   :

   - against -                            :   **ANSWER**

                                            :

KIRILL PERCY, LENARD PERCY, JOSEPHINE       :
PERCY, BENNY CAIOLA, JACK ROSENTHAL,        :
EDWARD MERMELSTEIN, GARY COHEN,             :
SCHISSEL & COHEN, C.P.A. AND PROGRESSIVE     :
REAL ESTATE LLC.                            :

                      Defendants.   :

-------------------------------------------------------------------------X

Defendants Gary Cohen and Schissel & Cohen, C.P.A. (collectively the "S&C

Defendants") by their undersigned attorneys, as and for their Answer to the Complaint, responds

as follows:

## PARTIES AND JURISDICTION

     1.    The S&C Defendants deny knowledge or information sufficient to form a belief as
to the truth of the allegations contained in paragraph "1" of the Complaint.

     2.    The S&C Defendants deny knowledge or information sufficient to form a belief as
to the truth of the allegations contained in paragraph "2" of the Complaint.

     3.    The S&C Defendants deny knowledge or information sufficient to form a belief as
to the truth of the allegations contained in paragraph "3" of the Complaint.

     4.    The S&C Defendants deny knowledge or information sufficient to form a belief as
to the truth of the allegations contained in paragraph "4" of the Complaint.

     5.    The S&C Defendants deny knowledge or information sufficient to form a belief as
to the truth of the allegations contained in paragraph "5" of the Complaint.

6.      The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Complaint.

7.      The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Complaint.

8.      The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint.

9.      The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Complaint.

10.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Complaint, except alleges that defendant Gary Cohen is a resident of New York and certified public accountant and partner in the firm of Schissel & Cohen, C.P.A., and has a business office in New York, New York.

11.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint, except allege that defendant Schissel & Cohen, C.P.A. is a partnership engaged in the practice of certified public accounting and maintains an office in New York, New York.

12.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Complaint.

13.     The allegations contained paragraph "13" of the Complaint contain legal conclusions to which a response is not necessary.  To the extent that a response is required, the S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Complaint.

## FACTUAL ALLEGATIONS

**Establishing the Alleged Relationship**

14.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Complaint, except deny that the S&C Defendants were involved in a scheme or otherwise engaged in wrongful or fraudulent conduct.

15.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Complaint.

16.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Complaint.

17.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Complaint.

18.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the Complaint.

19.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Complaint.

20.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Complaint.

21.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the Complaint, except deny that the S&C Defendants were ever retained by plaintiffs.

22.     The S&C Defendants deny the allegations contained in paragraph "22" of the Complaint.

23.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the Complaint.

24.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the Complaint.

25.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the Complaint.

26.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the Complaint.

27.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of the Complaint.

28.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "28" of the Complaint.

**The Alleged 53rd Street Building Scheme**

29.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "29" of the Complaint.

30.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "30" of the Complaint.

31.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31" of the Complaint.

32.    The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "32" of the Complaint.

33.    The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "33" of the Complaint.

34.    The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "34" of the Complaint.

35.    The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "35" of the Complaint.

36.    The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "36" of the Complaint, except deny the allegations contained in paragraph "36" of the Complaint insofar as they relate to the S&C Defendants.

37.    The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "37" of the Complaint.

38.    The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "38" of the Complaint, except deny the allegations contained in paragraph "38" of the Complaint to the extent they relate to the S&C Defendants.

39.    The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "39" of the Complaint.

40.    The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "40" of the Complaint.

41.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "41" of the Complaint, except deny the allegations contained in paragraph "41" of the Complaint insofar as they relate to the S&C Defendants.

42.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "42" of the Complaint.

43.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "43" of the Complaint, except deny the allegations contained in paragraph "43" of the Complaint insofar as they relate to the S&C Defendants.

**The Alleged Chelsea Garden Fraud**

44.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "44" of the Complaint.

45.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "45" of the Complaint,

46.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "46" of the Complaint,

47.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "47" of the Complaint,

48.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "48" of the Complaint,

49.    The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "49" of the Complaint,

50.    The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "50" of the Complaint,

51.    The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "51" of the Complaint,

52.    The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "52" of the Complaint, except deny the allegations contained in paragraph "52" insofar as they relate to the S&C Defendants.

53.    The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint, except deny the allegations contained in paragraph '53" insofar as they relate to the S&C Defendants.

54.    The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "54" of the Complaint.

55.    The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "55" of the Complaint, except deny the allegations contained in paragraph "55" insofar as they relate to the S&C Defendants.

56.    The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "56" of the Complaint.

57.    The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "57" of the Complaint.

58.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "58" of the Complaint.

59.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "59" of the Complaint,

60.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "60" of the Complaint.

61.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "61" of the Complaint,

## ALLEGED FIRST CAUSE OF ACTION
### (For Fraud Against Defendants K. Percy, L. Percy and J. Percy)

62.     The S&C Defendants repeat and reallege each of the responses to paragraphs "1" through "61" of the Complaint as though fully set forth herein.

63.     Since this claim is not directed at the S&C defendants, no response is necessary. To the extent that a response is required, the S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "63" of the Complaint.

64.     Since this claim is not directed at the S&C defendants, no response is necessary. To the extent that a response is required, the S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "64" of the Complaint.

65.     Since this claim is not directed at the S&C defendants, no response is necessary. To the extent that a response is required, the S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "65" of the Complaint.

66.     Since this claim is not directed at the S&C defendants, no response is necessary. To the extent that a response is required, the S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "66" of the Complaint.

67.     Since this claim is not directed at the S&C defendants, no response is necessary. To the extent that a response is required, the S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "67" of the Complaint.

68.     Since this claim is not directed at the S&C defendants, no response is necessary. To the extent that a response is required, the S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "68" of the Complaint.

69.     Since this claim is not directed at the S&C Defendants, no response is necessary. To the extent that a response is required, the S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "69" of the Complaint.

70.     Since this claim is not directed at the S&C defendants, no response is necessary. To the extent that a response is required, the S&C Defendants deny knowledge or information

sufficient to form a belief as to the truth of the allegations contained in paragraph "70" of the Complaint.

71.     Since this claim is not directed at the S&C defendants, no response is necessary. To the extent that a response is required, the S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "71" of the Complaint.

72.     Since this claim is not directed at the S&C defendants, no response is necessary. To the extent that a response is required, the S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "72" of the Complaint.

**ALLEGED SECOND CAUSE OF ACTION**
**(For Fraudulent Concealment Against Defendants**
**K. Percy, L. Percy, J. Percy, Cohen, S&C and Mermelstein)**

73.     The S&C Defendants repeat and reallege each of the responses to paragraphs "1" through "72" of the Complaint as though fully set forth herein.

74.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "74" of the Complaint.

75.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "75" of the Complaint.

76.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "76" of the Complaint.

77.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "77" of the Complaint.

78.     The S&C Defendants deny the allegations contained in paragraph "78" of the Complaint, and further allege that at all times the S&C Defendants' conduct was in conformity with applicable law and prevailing professional standards.

79.     The S&C Defendants deny the allegations contained in paragraph "79" of the Complaint, and further allege that at all times the S&C Defendants' conduct was in conformity with applicable law and prevailing professional standards.

80.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "80" of the Complaint.

81.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "81" of the Complaint.

82.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "82" of the Complaint, except deny the allegations contained in paragraph "82" insofar as they relate to the S&C Defendants and further allege that at all times the S&C Defendants' conduct was in conformity with applicable law and prevailing professional standards.

83.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "83" of the Complaint, except deny the allegations contained in paragraph "83" insofar as they relate to the S&C Defendants and further allege that at all times the S&C Defendants' conduct was in conformity with applicable law and prevailing professional standards.

84.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "84" of the Complaint, except deny the

allegations contained in paragraph "84" insofar as they relate to the S&C Defendants and further allege that at all times the S&C Defendants' conduct was in conformity with applicable law and prevailing professional standards.

85.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "85" of the Complaint, except deny the allegations contained in paragraph "85" insofar as they relate to the S&C Defendants and further allege that at all times the S&C Defendants' conduct was in conformity with applicable law and prevailing professional standards.

86.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "86" of the Complaint, except deny the allegations contained in paragraph "86" of the Complaint insofar as they relate to the S&C Defendants.

### ALLEGED THIRD CAUSE OF ACTION
### (For Conspiracy to Defraud Against Defendants
### K. Percy, L. Percy, J. Percy, Cohen, Mermelstein and Progressive)

87.     The S&C Defendants repeat and reallege each of the responses to paragraphs "1" through "86" of the Complaint as though fully set forth herein.

88.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "88" of the Complaint, except deny the allegations contained in paragraph "88" insofar as they relate to the S&C Defendants and further allege that at all times the S&C Defendants' conduct was in conformity with applicable law and prevailing professional standards.

89.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "89" of the Complaint, except deny the allegations contained in paragraph "89" insofar as they relate to the S&C Defendants and further allege that at all times the S&C Defendants' conduct was in conformity with applicable law and prevailing professional standards.

90.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "90" of the Complaint, except deny the allegations contained in paragraph "90" insofar as they relate to the S&C Defendants and further allege that at all times the S&C Defendants' conduct was in conformity with applicable law and prevailing professional standards.

91.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "91" of the Complaint, except deny the allegations contained in paragraph "91" of the Complaint insofar as they relate to the S&C Defendants.

## ALLEGED FOURTH CAUSE OF ACTION
### (For Breach of Fiduciary Duty Against Defendants
### K. Percy, L. Percy, J. Percy, Cohen, S&C and Mermelstein)

92.     The S&C Defendants repeat and reallege each of the responses to paragraphs "1" through "91" of the Complaint as though fully set forth herein.

93.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "93" of the Complaint, except deny the allegations contained in paragraph "93" insofar as they relate to the S&C Defendants and further

allege that at all times the S&C Defendants' conduct was in conformity with applicable law and prevailing professional standards.

94.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "94" of the Complaint, except deny the allegations contained in paragraph "94" insofar as they relate to the S&C Defendants and further allege that at all times the S&C Defendants' conduct was in conformity with applicable law and prevailing professional standards.

95.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "95" of the Complaint, except deny the allegations contained in paragraph "95" insofar as they relate to the S&C Defendants and further allege that at all times the S&C Defendants' conduct was in conformity with applicable law and prevailing professional standards.

96.     The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "96" of the Complaint, except deny the allegations contained in paragraph "96" of the Complaint insofar as they relate to the S&C Defendants.

**ALLEGED FIFTH CAUSE OF ACTION**
**(For Unjust Enrichment Against Defendants**
**K. Percy, L. Percy, J. Percy and Progressive)**

97.     The S&C Defendants repeat and reallege each of the responses to paragraphs "1" through "96" of the Complaint as though fully set forth herein.

98.     Since this claim is not directed at the S&C Defendants, no response is necessary. To the extent that a response is required, the S&C Defendants deny knowledge or information

sufficient to form a belief as to the truth of the allegations contained in paragraph "98" of the Complaint.

99.    Since this claim is not directed at the S&C Defendants, no response is necessary. To the extent that a response is required, the S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "99" of the Complaint.

100.    Since this claim is not directed at the S&C Defendants, no response is necessary. To the extent that a response is required, the S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "100" of the Complaint.

### ALLEGED SIXTH CAUSE OF ACTION
#### (For Breach of Fiduciary Duty Against Defendants
#### Caiola, Rosenthal, K. Percy, L. Percy, and Mermelstein)

101.    The S&C Defendants repeat and reallege each of the responses to paragraphs "1" through "100" of the Complaint as though fully set forth herein.

102.    Since this claim is not directed at the S&C Defendants, no response is necessary. To the extent that a response is required, the S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "102" of the Complaint.

103.    Since this claim is not directed at the S&C Defendants, no response is necessary. To the extent that a response is required, the S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "103" of the Complaint.

104.    Since this claim is not directed at the S&C Defendants, no response is necessary. To the extent that a response is required, the S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "104" of the Complaint.

105.    Since this claim is not directed at the S&C Defendants, no response is necessary. To the extent that a response is required, the S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "105" of the Complaint.

106.    Since this claim is not directed at the S&C Defendants, no response is necessary. To the extent that a response is required, the S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "106" of the Complaint.

## ALLEGED SEVENTH CAUSE OF ACTION
### (For Unjust Enrichment Against
### <u>Defendants Caiola and Rosenthal</u>

107.    The S&C Defendants repeat and reallege each of the responses to paragraphs "1" through "106" of the Complaint as though fully set forth herein.

108.    Since this claim is not directed at the S&C Defendants, no response is necessary. To the extent that a response is required, the S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "108" of the Complaint.

109.    Since this claim is not directed at the S&C Defendants, no response is necessary. To the extent that a response is required, the S&C Defendants deny knowledge or information

sufficient to form a belief as to the truth of the allegations contained in paragraph "109" of the Complaint.

110.    Since this claim is not directed at the S&C Defendants, no response is necessary. To the extent that a response is required, the S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "110" of the Complaint.


### ALLEGED EIGHTH CAUSE OF ACTION
**(For Aiding and Abetting a Breach of Fiduciary Duty Against Defendants K. Percy, L. Percy, J. Percy, Cohen, S&C, Mermelstein and Progressive)**

111.    The S&C Defendants repeat and reallege each of the responses to paragraphs "1" through "110" of the Complaint as though fully set forth herein.

112.    The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "112" of the Complaint, except deny the allegations contained in paragraph "112" insofar as they relate to the S&C Defendants and further allege that at all times the S&C Defendants' conduct was in conformity with applicable law and prevailing professional standards.

113.    The S&C Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "113" of the Complaint, except deny the allegations to the extent contained in paragraph "113" of the Complaint insofar as they relate to the S&C Defendants.

## ALLEGED NINTH CAUSE OF ACTION
### (For an Accounting Against All Defendants)

114.    The S&C Defendants repeat and reallege each of the responses to paragraphs "1"

through "113" of the Complaint as though fully set forth herein.

115.    The S&C Defendants deny knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraph "115" of the Complaint, except deny the

allegations contained in paragraph "115" insofar as they relate to the S&C Defendants and further

allege that at all times the S&C Defendants' conduct was in conformity with applicable law and

prevailing professional standards.

### FIRST AFFIRMATIVE DEFENSE

116.    The Complaint fails to state a claim against the S&C Defendants upon which

relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

117.    If plaintiffs have suffered any loss, such loss was due to market conditions, lack of

due diligence, or failure to exercise the duty of reasonable inquiry and the failure to exercise

ordinary care to mitigate or minimize any losses that it may have suffered.

### THIRD AFFIRMATIVE DEFENSE

118.    The injuries of which plaintiffs complains were caused, in whole or in part, by the

negligence, or other culpable conduct, of the plaintiffs, through the wrongful conduct of one or

more of plaintiffs' officers, directors, shareholders, employees and/or agents.  Accordingly,

plaintiffs may not recover these losses from the S&C Defendants.  Alternatively, any recovery by

plaintiffs from the S&C Defendants must be reduced in proportion to the negligence, or other

culpable conduct, of the plaintiffs and their officers, directors, shareholders, employees and/or agents.

## FOURTH AFFIRMATIVE DEFENSE

119.    The injuries of which plaintiff complains were caused, in whole or in part, by the negligence, or other culpable conduct, of persons or entities who are not parties to this action, including without limitation, Eugene Ardemsov and  Valery Korotkov.  Accordingly, plaintiffs may not recover these losses from the S&C Defendants.  Alternatively, any recovery by plaintiffs from the S&C Defendants must be reduced in proportion to the negligence, or other culpable conduct, of persons or entities who are not parties to this action.

## FIFTH AFFIRMATIVE DEFENSE

120.    Portions of the Complaint are not only false, but scandalous and asserted solely for the purpose of harassment.  The S&C Defendants reserves the right to move to strike such allegations.

## SIXTH  AFFIRMATIVE DEFENSE

121.    Some or all of plaintiffs' claims are barred by the doctrines of waiver, estoppel, laches, unclean hands,  and/or ratification.

## SEVENTH AFFIRMATIVE DEFENSE

122.    Plaintiffs failed to mitigate or otherwise act to lessen or reduce the losses alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

123.    Any losses allegedly suffered by plaintiffs were caused exclusively by the conduct, including faulty business practices, inattention, negligence, and culpable conduct  of

plaintiffs and/or the culpable conduct of other persons or entities over whom the S&C

Defendants had and have no control.

### NINTH AFFIRMATIVE DEFENSE

124.    Any losses allegedly suffered by plaintiffs were not caused by a negligent act or

omission, or breach of any duty or obligation by the S&C Defendants.

### TENTH AFFIRMATIVE DEFENSE

125.    Any losses allegedly suffered by plaintiffs were caused in whole or in part by the

negligence or culpable conduct of plaintiff and/or persons or entities over whom the S&C

Defendants had and have no control. Accordingly, plaintiffs may not recover these alleged losses

from the S&C Defendants.  Alternatively, any recovery by plaintiffs from the S&C Defendants

must be reduced in proportion to the negligence, or other culpable conduct, of plaintiffs and/or

other persons over whom the S&C Defendants had and have no control.

### ELEVENTH AFFIRMATIVE DEFENSE

126.    Plaintiffs lack standing to bring the claims alleged in the Complaint against the

S&C Defendants.

### TWELFTH AFFIRMATIVE DEFENSE

127.    Any losses allegedly sustained by plaintiffs were not proximately caused by any

reasonable reliance on the S&C Defendants' work or conduct.

### THIRTEENTH AFFIRMATIVE DEFENSE

128.    Plaintiffs' claims are barred, either in whole or in part, by the doctrines of res

judicata, collateral estoppel, judical estoppel, or equitable estoppel, based upon the litigation and

decisions in <u>Rambotex LLC v. Leonard Percy, et. al.</u>, Index No. 604776/00 (Sup. Ct. N.Y. County).

## FOURTEENTH AFFIRMATIVE DEFENSE

129.    Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

## FIFTEENTH AFFIRMATIVE DEFENSE

130.    The S&C Defendants reserve their right to assert additional defenses available at law or equity upon discovery of further information or upon the development of other relevant information, including information discovered during the course of the litigation and information discovered outside the discovery process of this litigation.

## AS AND FOR A FIRST CROSS-CLAIM

131.    Although the S&C Defendants have denied plaintiffs' allegations of any wrongdoing, nevertheless, in the event that there is a verdict or judgment in favor of the plaintiffs against the S&C Defendants then, and in that event, the S&C Defendants demand judgment over and against each of the co-defendants by reason of their wrongful conduct being primary and/or active while any wrongdoing of the S&C Defendants, if any, was secondary and/or passive and the indemnity is to be full and complete.

## AS AND FOR A SECOND CROSS-CLAIM

132.    Although the S&C Defendants have denied plaintiffs' allegations of any alleged wrongdoing, nevertheless, if it is found that the S&C Defendants are liable to the plaintiff, all of which is denied, the S&C Defendants, on the basis of apportionment of responsibility for the alleged occurrence, are entitled to contribution from and judgment over and against each of the

co-defendants for all or part of any verdict or judgment plaintiffs may recover against the S&C

Defendants.

WHEREFORE, Defendants Gary Cohen and Schissel & Cohen, C.P.A., respectfully

request judgement dismissing the complaint herein, together with costs and disbursements, and

such other and further relief as this Court deems appropriate.

Dated: New York, NY
      July 6, 2004

                    Yours, etc.,

                    LANDMAN CORSI BALLAINE & FORD P.C.

By: _____
                    Louis G. Corsi (LC 0564)
                    Attorneys for Gary Cohen
                      and Schissel & Cohen, C.P.A.
                    120 Broadway, 27th Floor
                    New York, New York  10271-0079
                    (212) 238-4800

TO:    FOX HORAN & CAMERINI LLP
Oleg Rivkin, Esq.
Counsel for Plaintiffs
Bartang Bank and Trust Co.,
Avenil Ltd. and Timbre Investment
Holdings, Ltd.
825 Third Avenue, 11th Floor
New York, NY 10022

WEG & MYERS, P.C.
Joshua L. Mallin, Esq.
Counsel for Defendants
Caiola and Rosenthal
Federal Plaza
52 Duane Street
New York, NY 10007

KAUFMAN BORGEST & RYAN LLP
A. Michael Furman, Esq.
Counsel for Defendant Mermelstein
99 Park Avenue
New York, NY 10016

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the ANSWER was served upon each of the following counsel of record on this 6th day of July, 2004, by regular U.S. mail as follows:

FOX HORAN & CAMERINI LLP
Oleg Rivkin, Esq.
Counsel for Plaintiffs
Bartang Bank and Trust Co.,
Avenil Ltd. and Timbre Investment
Holdings, Ltd.
825 Third Avenue, 11th Floor
New York, NY 10022

WEG & MYERS, P.C.
Joshua L. Mallin, Esq.
Counsel for Defendants
Caiola and Rosenthal
Federal Plaza
52 Duane Street
New York, NY 10007

KAUFMAN BORGEST & RYAN LLP
A. Michael Furman, Esq.
Counsel for Defendant Mermelstein
99 Park Avenue
New York, NY 10016


_____
Louis G. Corsi