UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
BARTANG BANK AND TRUST CO.,  :
AVENIL LTD, and TIMBRE INVESTMENT  :
HOLDINGS LTD.,  :
                                                                                        :   Index No.: 04 CV 2402 (DAB)
                    Plaintiff,  :
                                                                                    :
                 -against-  :   **AFFIDAVIT OF**
                                                                                      :   **EDWARD MERMELSTEIN**
KIRILL PERCY, LENARD PERCY,  :   **IN SUPPORT OF**
JOSEPHINE PERCY, BENNY CAIOLA  :   **DEFENDANTS' MOTION TO**
JACK ROSENTHAL, EDWARD MERMELSTEIN,  :   **DISMISS**
GARY COHEN, SCHISSEL & COHEN, C.P.A. and  :
PROGRESSIVE REAL ESTATE, LLC  :

                    Defendant(s).

------------------------------------------------------------ x

STATE OF NEW YORK    )
                              ) ss:
COUNTY OF NEW YORK  )

        EDWARD MERMELSTEIN, ESQ., being duly sworn, deposes and says:

        1.     I am a named defendant in the above-captioned matter, and am fully familiar with the facts and circumstances herein.

        2.     This Affidavit is submitted in support of the instant motion brought on my behalf, which seeks an Order dismissing plaintiffs' Complaint pursuant to Rule 12(c) on the ground that the plaintiffs lack the requisite standing to sue, pursuant to Rule 12(b)(6) on the ground that the plaintiffs' Complaint fails to state a cause of action for breach of fiduciary duty or fraud, and alternatively, pursuant to Rule 9(b), as the plaintiff's fraud based claims are not pled with the requisite degree of particularity.

        3.     By way of background, in 1996, the plaintiffs were looking to invest funds in the United States Markets. However, as Russian investors, they could not invest individual funds

directly into the American market, and as such created various corporations through which Russian investors could invest in the United States.

4. It is my understanding that while traveling in the United States in 1996, the plaintiffs, through their designated agents, Eugene Ardemasov and Valery Korotkov became acquainted with defendant Kirill Percy ("K. Percy").

5. At the time, K. Percy and I were former legal partners in the law firm of Hayt Percy & Mermelstein LLP, this firm dissolved and a successor firm, Percy & Mermelstein LLP was formed in July 2001. However, Percy & Mermelstein LLP began dissolution in December 2003 and we have not maintained a professional relationship since that time.

6. Prior to the dissolution of Percy & Mermelstein LLP, my former partner, K. Percy, handled all legal matters with respect to the plaintiffs' transaction. I did not personally provide legal representation to Mr. Ardemasov or Mr. Korotkov or the plaintiffs for either of the subject transactions. Upon the dissolution of Percy & Mermelstein LLP, I did not maintain any files with respect to the subject transactions, as the plaintiffs' were not my clients.

7. Upon information and belief, Mr. Ardemasov or Mr. Korotkov began working with Lenard Percy ("L. Percy"), who to my knowledge, was an experienced businessperson involved in numerous business ventures and investments.

8. Upon information and belief, K. Percy created a company named Rombotex, a Delaware Limited Liability Company, as an investment vehicle for the purpose of permitting the plaintiffs as individual Russian investors, to conduct their business ventures in American.

9. The parties developed a friendly relationship over time as I was often called in to assist in translating for the Russian investors and transmitting documents.

### 53rd Street Building Transaction

10. It is also my understanding that in early 1997, K. Percy informed Mr. Ardemasov and Mr. Korotkov that our other former law partner, Paul Hayt was offering to sell a building located at 230 East 53rd Street in New York (the "53rd Street Transaction").

11. Again, I was not involved in the initial transaction and did not advise the plaintiffs' with respect to their investment. At most, I served as a translator at various times to assist the Russian investors and my firm was attempting to negotiate a brokerage fee for the initial sale.

12. In October 1999, Progressive Real Estate LLC, which is owned and controlled by Josephine Percy ("J. Percy"), purchased the building from the plaintiffs.

13. I represented J. Percy at the closing. However, I was not involved in negotiating the terms of the sale or the purchase price, and did not advise the plaintiffs with respect to their investment or subsequent sale of the property. I merely prepared the closing documents, which were filed with the title company.

14. My attorneys have advised me that the plaintiffs previously instituted a similar cause of action to the matter herein, in State Court entitled <u>Rombotex LLC v. Percy, et al.</u>, filed in the Supreme Court, New York County, under Index Number 604766/00. I was not named in this prior action, despite the fact that I have been told it involves similar allegations.

15. Additionally, I have subsequently been informed by my counsel that, prior to the conclusion of the trial, the action with respect to the 53rd Street Building, was settled with Progressive Realty, resulting is a transfer of a building in exchange for payment to defendant Progressive of $500,000.

### **The Chelsea Gardens Purchase**

16. K. Percy and I introduced the plaintiffs to my father-in-law, defendant Caiola and his business partner, defendant Rosenthal. Mr. Caiola and Mr. Rosenthal were the owners of two previously purchased parcels of land located in Chelsea, New York under the name of Chelsea Gardens Realty LLC (the "Chelsea Project").

17. Upon information and belief, Mr. Ardemasov and Mr. Korotkov invited defendants Caiola and Rosenthal to invest in a commercial real estate venture in Moscow, Russia.

18. Upon further information and belief, in addition to the transaction in Moscow, Rombotex made an investment in the Chelsea Project with Caiola and Rosenthal.

19. It was agreed that the plaintiffs, through Rombotex, would purchase a one-third interest in the Chelsea Garden Project for $2.2 million.

20. Contrary to the allegations in the Complaint, I did not provide advice to plaintiffs with respect to their investment, but rather as a former partner with K. Percy, I merely introduced the parties and acted as a translator when necessary.

21. The parties had initially negotiated a brokers' fee for my introducing the parties together. However, to the best of my knowledge this agreement never materialized and I did not receive any money from the sale.

22. I was not involved in the alleged "swap" of Rombotex' interest in the Chelsea Project for interest in an entity Denisovsky Project LLC, a New York Limited Liability Company, owned by defendants Caiola and Rosenthal.

23. Accordingly, and based upon the arguments more fully set forth in the accompanying Affidavit of A. Michael Furman, Esq., sworn to on the 21st day of January, 2005, and the accompanying Memorandum of Law, Your Affiant respectfully request that the instant action be dismissed, together with all costs and expenses, and such other and different relief as this Court deems just and proper.

                                                         EDWARD MERMELSTEIN, ESQ.

Sworn to before me this
___ day of January, 2005

RICHARD TOM
NOTARY PUBLIC, STATE OF NEW YORK
NO. 24-5008816
QUALIFIED IN KINGS COUNTY
COMMISSION EXPIRES 10/01/07